# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TRACY SUTTON**                                                                                        **PLAINTIFF**

**v.**                                        **No: 4:20-cv-01479 KGB-PSH**

**DOES**                                                                                                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Tracy Sutton filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 18, 2020, while incarcerated at the Saline County Detention Facility (Doc. No. 1). In the Initial Order for *Pro Se* Prisoner Plaintiffs, the Court notified Sutton of her obligation to comply with the Federal Rules of Civil Procedure and the

Local Rules for the Eastern District of Arkansas. See Doc. No. 2. Specifically, the Court informed Sutton that "[i]t is the duty of any party not represented by counsel to ... monitor the progress of the case, and to prosecute or defend the action diligently," and "[i]f any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice." Doc. No. 2 at 1, citing Local Rule 5.5(c)(2).

On January 11, 2021, the Court granted Sutton's application to proceed *in forma pauperis* and ordered her to file an amended complaint within 30 days naming or describing the individuals she intends to sue, how each defendant was personally involved in the alleged violation of her constitutional rights, and how she was injured (Doc. No. 4). Sutton was also instructed to narrow her claims. Sutton was cautioned that failure to file an amended complaint could result in the dismissal of her case, without prejudice, pursuant to Local Rule 5.5(c)(2). The docket reflects that the Clerk of the Court mailed a copy of that order and a blank 1983 form to Sutton on January 11, 2021.

More than 30 days have passed, and Sutton has not complied with the January 11 order.[1] Accordingly, the Court finds that this action should be dismissed without

---

[1] Sutton filed an amended complaint in another case, *Sutton v. Saline County Sheriff's Office, et al.,* 4:20-cv-01511-LPR-PSH, where she stated "I would like to put all my complaints together in one lawsuit." Doc. No. 7 at 1. However, the issues she raises in that case are different than the medical issues she raises in this case. Accordingly, consolidation of the two cases is not appropriate.

prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's order. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that this case be dismissed without prejudice.

DATED this 16th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE